HOLCOMB, Auditor, v. FAJARDO SUGAR CO.

Circuit Court of Appeals, First Circuit.
June 28, 1928.

No. 2228.

Taxation ⊜297, 317(1), 490—Auditor of Porto Rico has no power to levy or assess taxes, or to revise decision of board of equalization and review (Organic Act of Porto Rico, § 20, as amended by Act March 4, 1927, § 3 [48 USCA § 786]).

Amendment of March 4, 1927, of Organic Act of Porto Rico, § 20 (Act March 4, 1927, § 3 [48 USCA § 786]), held not to authorize auditor to levy or assess taxes, or to revise decisions of board of equalization and review, created for the purpose of reviewing and revising the action of the treasurer of Porto Rico in levy and assessing taxes.

Appeal from the District Court of the United States for the District of Porto Rico; Wells, Judge.

Application by the Fajardo Sugar Company to show cause why a permanent injunction should not issue against Frederick G. Holcomb, Auditor of Porto Rico. Decree granting an injunction, and defendant appeals. Reversed and remanded.

William Cattron Rigby, of Washington, D. C. (J. A. Lopez Acosta, of San Juan, Porto Rico, on the brief, and James R. Beverley, Asst. Atty. Gen., of counsel), for appellant.

David A. Buckley, Jr., of New York City, for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

JOHNSON, Circuit Judge. This is an appeal from the District Court of the United States for the District of Porto Rico. The case has been here before, and this court, in an opinion announced November 23, 1926, reversed the judgment of the District Court of Porto Rico, dismissing the plaintiff's bill because the jurisdictional amount of $3,000 was not involved, and dealt very fully with the relation of the auditor of Porto Rico to its government.

The appellee, hereinafter caller the Sugar Company, filed with the treasury of Porto Rico its income tax return for the year ending July 31, 1920, in accordance with the law of Porto Rico, and upon this return a tax of $540,337.44 was assessed by the treasurer of Porto Rico and paid by the Sugar Company. The treasurer afterwards levied and assessed an additional tax of $398,524.72 upon the Sugar Company, from which an appeal was taken to the board of equalization and review in accordance with the law of Porto Rico, which reduced the additional tax to ·$180,977.84.

By section 47 of the law of Porto Rico enacted in 1921 (Laws 1921, No. 43), it is provided that the decision of the board of equalization and review shall be final in such cases.

The auditor of Porto Rico, acting under the direction of the Governor, sought to reverse this decision of the board, contending that under the Organic Act of Porto Rico he had the power and the duty to review and revise its decision. Upon this contention this court held that:

"The treasurer is to assess and collect taxes on the basis of the income return of the taxpayer; he is to investigate such returns and compute any additional tax which he finds due; if he assesses an additional tax, the taxpayer may appeal to the board of review and equalization, whose decision shall 'be final,' subject to the taxpayer's making payment under protest and resorting to the courts.

"In the light of these explicit provisions, consistent with the general framework of the Porto Rican government, existing under Porto Rican statutes approved by the Governor and impliedly approved by Congress, we cannot hold that the auditor is, as is now contended, part of the tax levying and administering machinery of Porto Rico."

Fajardo Sugar Company v. Holcomb, 16 F.(2d) 92, 96.

The court upheld the authority of the auditor to make an investigation for the purpose of obtaining "pertinent information relative to the scope and interpretation of the tax statutes, or as to the competency and efficiency of the tax administering officials," and held that upon such an investigation the auditor might need to use the powers conferred upon him to summon witnesses and take evidence concerning the acts of officials in any department, and that no taxpayer could successfully resist process. to appear with books and documents and give evidence for such purposes.

·The case was remanded to the District Court for further proceedings not inconsistent with its opinion.

On March 12, 1927, the Sugar Company filed its petition for an order to show cause why a permanent injunction should not issue, alleging among other things that while the case was formerly before this court the auditor of Porto Rico, on July 7, 1926, "disregarding the decision of the board of equali-

zation and review fixing the amount of income tax payable by complainant for the fiscal year ending July 31, 1920, which amount was finally paid as set forth in the bill of complaint, and disregarding the pendency of the above-entitled cause, and without any power or authority to do so, arbitrarily and illegally certified that the complainant was and still is owing to the government of Porto Rico the sum of $474,877.-52 as income tax for said fiscal year, and upon the said certificate or assessment and at the instigation and request of the defendant herein, the Attorney General of Porto Rico filed a complaint in the District Court for the Judicial District of San Juan, in the name of the people of Porto Rico, against the plaintiff, demanding judgment of said amount, which cause is still pending in the said District Court for the Judicial District of San Juan."

A permanent injunction was prayed for, restraining the auditor from making any investigation as to income taxes due, or claimed to be due, from the Sugar Company for the year ended July 31, 1920.

In answer to this petition, the Attorney General of Porto Rico stated that the auditor of Porto Rico had certified to the Attorney General that the Fajardo Sugar Company and its affiliated companies owed the people of Porto Rico the sum of $474,877.52 as income tax for the fiscal year ended July 31, 1920, and admitted that the auditor of Porto Rico had requested the Attorney General to take such legal action as might be necessary to collect this amount, and that a civil action had been filed in the District Court of San Juan for the collection of said taxes.

The answer denied that the opinion of this court directed the granting of a permanent injunction as prayed for. The answer especially denied any intention of assessing or collecting taxes against the complainant, and stated that the purpose for which a "subpœna duces tecum" had been issued to the complainant was to use the books of the complainant in the course of an investigation of the acts of the bureau of income tax of the treasury department of Porto Rico, and disavowed any intention of using said books for any assessment or collection of taxes against the complainant; it alleged that the people of Porto Rico are not a party to the instant suit, and that the civil suit brought for the collection of taxes in the District Court of San Juan has no connection whatsoever with the present suit; and the answer also consented that the permanent injunction be issued directed to the auditor of Porto Rico, forbidding him from assessing or collecting any taxes against the complainant for the fiscal year ended July 31, 1920.

It is contended by the auditor that the powers conferred upon him have been materially changed by the Act of Congress of March 4, 1927 (44 Stat. 1418), which was not before this court when the case was previously here, and that, if it had been, its conclusion, expressed in its opinion in relation to the power of the auditor of Porto Rico to review the decision of the board of equalization and review, would have been different.

The final decree entered by the court was as follows:

"That the defendant, Frederick G. Holcomb, as auditor of Porto Rico, his servants, agents, employees, and all other persons acting under his or their authority, be perpetually enjoined from holding any hearing or taking any evidence or making any investigations as to the amount of income taxes due or claimed from complainant for its fiscal year ended July 31, 1920, and from disregarding or attempting to evade the decision of the board of review and equalization fixing the amount of said taxes and from auditing and settling or attempting to audit and settle the account of complainant with the people of Porto Rico and/or the treasurer of Porto Rico for 1920 income taxes, and from placing on his books of account or records any charges against the complainant or its affiliated companies for amounts consisting of or arising out of 1920 income taxes or from continuing on his books of account or records any such charges placed thereon subsequent to the filing of the bill of complaint, and from further interference with the functions of the treasurer of Porto Rico and the board of review and equalization and any member, official, or employee thereof, in connection with the assessment and collection of the 1920 income taxes of the complainant, and from summoning any officer, agent, or employee of the complainant as a witness in any hearing or investigation regarding such 1920 income taxes of complainant, and from attempting to examine or take possession of any books, papers, or documents of complainant in connection therewith, and from disclosing any data or divulging any information in respect to the 1920 income taxes, or income tax returns, of the complainant, and from taking, beginning, instigating, or causing to be begun or continuing any proceedings, either civil or criminal, against

complainant or any of its officers or employees for or on account of or in connection with complainant's 1920 income taxes, or in connection with the subpœnas referred to in the bill of complaint, and from molesting or interfering in any manner whatsoever with the complainant or its business or its officers or employees in connection with said 1920 income tax, and from requesting the Attorney General to institute proceedings for the collection of 1920 income taxes or transmitting to the Attorney General any statement or copies or certificates purporting in any manner to be a basis for a civil proceeding to collect 1920 income taxes; and in the event such a request has been made since the filing of the bill of complaint or such statements, copies, or certificates have been transmitted by the auditor to the Attorney General, from permitting such request, statements, copies, or certificates to remain a matter of record in the office of the Attorney General, or in custody of any tribunal in which a proceeding has commenced, and from prosecuting, participating in, or continuing any proceeding pursuant to the provisions of section 126 of the Political Code of Porto Rico, the Attorney General of Porto Rico being deemed an agent or person acting under the authority of the defendant in relation to such a proceeding; said defendant, his servants, agents, or employees, and all persons acting under his or their authority, being perpetually enjoined from prosecuting any proceeding, civil or criminal, commenced since the time of the filing of the bill of complaint in this case, by said defendant, his servants, agents, or employees, or by any person or persons acting under his or their authority, relating to any further or additional assessment for income taxes for the said year 1920, or in any wise connected with the said 1920 income taxes."

A motion to modify this decree, to conform to the opinion of this court entered November 23, 1926, was denied.

It is contended by the auditor of Porto Rico that his powers were enlarged by the Act of March 4, 1927, which was an amendment of section 20 of the Organic Act of Porto Rico.

Section 20 of the Organic Act was amended by inserting the words "adjust" and "decide," so that as amended it reads:

"The auditor shall examine, adjust, decide, audit, and settle all accounts and claims pertaining to the revenues and receipts from whatever source of the government of Porto Rico." 44 Stat. 1419, § 3 (48 USCA § 786).

The auditor contends that by this amendment power was conferred upon him to review the decisions of the board of equalization and review.

Section 47 of the Income Tax Law of 1921 is in no way changed by it. Under the Organic Act as it stood before the amendment, the auditor had power "to examine, audit and settle all accounts and claims pertaining to the revenues and receipts from whatever source of the government of Porto Rico," and the words "adjust" and "decide" do not confer any additional power to that conferred by the word "settle."

The power to levy and assess taxes has been expressly conferred upon the people of Porto Rico by the Organic Act, and the method of levying and assessing the same, so long as not in contravention of the Organic Act, is to be determined by the people of Porto Rico, acting through its Legislature, and this amendment does not disclose any purpose on the part of Congress to confer upon the auditor the power to levy or assess taxes or to revise the decision of the board of equalization and review created for the purpose of reviewing and revising the action of the treasurer of Porto Rico in levying and assessing taxes.

The final decree entered by the District Court, and which it refused to modify, is much broader than authorized by the opinion of this court in Fajardo Sugar Company v. Holcomb, supra. It enjoins the people of Porto Rico from maintaining a suit for the collection of a tax, the Attorney General from instituting such a suit, alleging that in doing so he is acting as the agent of the auditor, and the auditor from giving any information in regard to the result of investigations made by him. The Attorney General is an officer appointed by the President, and discharges the duties of his office entirely independently of the auditor. It also enjoins the auditor "from summoning any officer or employee of the complainant as a witness in any hearing or investigation regarding such 1920 income taxes of complainant, and from attempting to examine or take possession of any books, papers, or documents of complainant in connection therewith." This is not in accordance with the opinion of this court, which held the auditor had the right to investigate complainant's books and records for the "purpose of obtaining information relative to the scope and interpretation of the tax statutes, or as to the competency and efficiency of the tax administering officials."

The opinion held that the auditor did not constitute any part of the machinery for

the assessment of taxes, or revising tax assessments, and that the power was not conferred upon him by the Organic Act to review and revise the decrees of the board of equalization and review; but his power to obtain "pertinent information relative to the scope and interpretation of the tax statutes, or as to the competency and efficiency of the tax administering officials," was recognized and sustained. The final decree, so far as it enjoins the auditor from the performance of this duty, is not in accordance with the opinion rendered.

The decree of the District Court is reversed, and the suit is remanded to that court for further action not inconsistent with this opinion; no costs to either party.